Dear Mr. Elliott:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Municipal Police Supplemental Pay Board of Review. You indicate in accordance with R.S. 33:2218.7 the Board has been presented with six cases from full-time municipal policemen who receive supplemental pay and who have also applied for supplemental pay under R.S. 13:2591 for their positions as a Justice of the Peace or as Constables. Accordingly, you ask if an individual can receive two supplemental payments if the individual is qualified for both payments.
You further ask in the event the payments have been made erroneously, should demand be made on the recipients for monies improperly received, and if so, who should make demand for the return of the Justice of the Peace and Constable supplemental pay.
We note that in each of the six cases the individuals have been employed as full-time municipal police officers for a number of years and in the last few years have also become either Constables for their Wards, a Constable for the Justice of the Peace Court and in one case has been elected to the office of Justice of the Peace. Having subsequently assumed the position of constable or justice of the peace, these police officers, have applied for or intend to apply for supplemental pay for both positions.
First we would note that we find no dual officeholding problem with the positions in question. This office has previously concluded that there is no prohibition with a full-time municipal police officer holding the local elective office of constable. Atty. Gen. Op. No. 94-609. It was observed that R.S. 42:63(D) prohibits an elected official from holding employment in the same political subdivision in which he holds an elective office but the political subdivision of a constable is the ward from which he is elected as opposed to the municipality in which he holds employment as a police officer.
Similarly, this office found no prohibition for a justice of the peace, who holds elective office, from holding full-time employment in a different political subdivision. R.S. 42:63(D) prohibits the simultaneous holding of positions where the employment is within the same political subdivisions in which he holds elective office. In Atty. Gen. Op. No. 94-619 it was noted that the justice of the peace courts and parishes are separate political subdivisions. Likewise, we find a justice of the peace court is in a separate political subdivision from that of employment as a municipal police officer.
However, as observed by this office in Atty. Gen. Op. Nos. 94-619 and 90-604, a town police officer may not concurrently hold office of the Justice of the Peace unless approved by the Judiciary Commission of the Supreme Court. Since the office of Justice of the Peace is considered a judicial office under the supervisory control of the Commission, they would ultimately determine whether the police officer in question may concurrently hold the office of Justice of the Peace by considering if there is conflict in time or duties in the exercise of both positions.
Such inquiry should be directed to Dr. Hugh Collins, Judicial Administrator, 301 Loyola Ave., New Orleans, La. 70112.
Having found no legal prohibition against holding the dual positions, we also find no prohibition relative to receiving supplemental pay for each position as established by the legislature for the position. Moreover, while the supplemental payments by the state do not constitute employment by the state, we would point out that it is only where there is full time employment by the state that other full time employment in the government of the state or political subdivision is prohibited.
R.S. 13:2591 provides "every" justice of the peace and "every" constable for each justice of the peace court in the state "shall be paid by the state an additional salary" provided funds are available and appropriated by the legislature.
R.S. 33:2218.2 provides in addition to the compensation now paid by any municipality to any police officer, "every" police officer employed by any municipality who devotes full working time to law enforcement "shall be paid by the state extra compensation".
We find no exceptions to the mandate that "every" justice of the peace, constable or municipal police officer be paid the additional salary as long as the amount is appropriated. Consequently, since we find no prohibition against the dual positions and no exceptions to the mandate for supplemental payments, we find nothing to prevent the supplemental payments due under the law for each position.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
By: ________________________________
 BARBARA B. RUTLEDGE Assistant Attorney General
BBR